IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RHODNEY & LAURIANN LITTLE, ) | |
| ) | CASE NO. BK04-40359 |
| Debtor(s). ) | A05-4047 |
| RICK LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| COMMERCIAL FEDERAL BANK, a ) | |
| federal savings bank, now known ) | |
| as Bank of the West, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the trustee's complaint for declaratory judgment that the bank has no secured claim, or for lien avoidance under 11 U.S.C. § 544. Rick Lange is the Chapter 7 trustee, and Thomas Ostdiek represents Commercial Federal Bank. The matter was taken under advisement as submitted without hearing.

The trustee filed this action to obtain a judicial finding that the creditor either no longer holds a lien represented by a deed of trust on the debtor's real estate, or if such a lien does exist, it may be avoided by the trustee.

The debtors refinanced a loan and executed a deed of trust to Commercial Federal Bank in August 2003. It was recorded in September 2003. In October 2003, Commercial Federal Bank executed a deed of reconveyance to release an earlier deed of trust on the property. However, the deed of reconveyance inadvertently referenced the book and page number where the September deed of trust was recorded. The earlier deed of trust was not recorded. The trustee asserts that the deed of reconveyance released the September deed of trust and therefore released the bank's security interest in the property. The bank argues that the release was unintentional and should not have extinguished the lien. The trustee further asserts that even if the release did not extinguish the lien, his avoidance powers permit him to avoid it.

Under Nebraska case law the intent of the parties controls, not the recorded release. <u>Nebraska State Bank v. Pedersen</u>, 452

N.W.2d 12, 20 (Neb. 1990). In Pedersen, the borrowers executed a series of mortgages to the bank with intervening conveyances of some of the property to family members. While unaware of the conveyances, the bank released two of the earlier mortgages after obtaining a more recent mortgage. The issue then became whether the conveyed property was still encumbered despite the mortgage release.

The court, relying on long-standing Nebraska case law, held that it was still encumbered because the bank had not intended to leave itself unsecured.

> Where the holder of a senior mortgage discharges it of record and contemporaneously takes a new mortgage, he or she will not, in the absence of paramount equities, be held to have subordinated his or her security to an intervening lien unless the circumstances of the transaction indicate this to have been his or her intention, or such intention upon his or her part is shown by extrinsic evidence.

Id. (citing Larson Cement Stone Co. v. Redlim Realty Co., 137 N.W.2d 241 (Neb. 1965)).

Accordingly, where an existing lien has been released by the holder and a renewal taken without knowledge of an intervening lien against the property, the mortgagee will be regarded as acting under such a mistake of fact as to entitle it to relief by restoration of its priority if the rights of innocent parties are not involved. Pedersen at 20 (citing United Loan & Sav. Ass'n v. Simmons, 267 N.W. 449 (Neb. 1936)). Those who have not been injured should not be permitted to speculate in another's blunders. Simmons, 267 N.W. at 451.

Because Commercial Federal did not intend to release the September deed of trust, and because the trustee is not left in any worse position than he would otherwise have been, I find that the bank does hold an unavoidable lien on the debtors' property. Separate judgment in favor of the bank will be entered.

    DATED:    February 23, 2006

                              BY THE COURT:

                              /s/ Timothy J. Mahoney
                              Chief Judge

```
Notice given by the Court to:
      *Rick Lange
      Thomas Ostdiek
      U.S. Trustee
```

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.